

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-12-2008

# Turinski v. Local 104

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5206

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Turinski v. Local 104" (2008). *2008 Decisions.* Paper 1452.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1452

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 06-5206 & 06-5208
_____

ROBERT TURINSKI,
Appellant

v.

LOCAL 104 INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS; CITY OF
WILKES-BARRE; THOMAS M. LEIGHTON, Mayor, Individually and in his Official
Capacity; JACOB LISMAN, Fire Chief, Individually and as a Supervisor,
Appellees

THOMAS E. KOSCIOLEK,
Appellant

v.

LOCAL 104 INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS; CITY OF
WILKES-BARRE; THOMAS M. LEIGHTON, Mayor, Individually and in his Official
Capacity; JACOB LISMAN, Fire Chief, Individually and as a Supervisor,
Appellees

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Nos. 04-cv-01919, 04-cv-01920, 04-cv-01955 & 04-cv-01957)
District Judge: Honorable A. Richard Caputo
_____

Argued January 8, 2008

Before:   FUENTES and JORDAN, *Circuit Judges*, and DITTER,[*] *District Judge.*

(Filed March 12, 2008)

CYNTHIA L. POLLICK, ESQUIRE (ARGUED)
The Employment Law Firm
126 South Main Street, Suite 201
Pittston, PA 18640
        Attorney for Appellants

STEPHEN J. HOLROYD, ESQUIRE (ARGUED)
Jennings Sigmond
510 Walnut Street
The Penn Mutual Towers, 16th Floor
Philadelphia, PA 19106-3683
        Attorney for Appellee Local 104 International
        Assoc. of Fire Fighters

JOHN G. DEAN, ESQUIRE (ARGUED)
Elliott, Greenleaf & Siedzikowski
201 Penn Avenue, Suite 202
Scranton, PA 18503

DEBORAH H. SIMON, ESQUIRE
Elliott, Greenleaf & Siedzikowski
925 Harvest Drive
Suite 300, Union Meeting Corporate Center V
Blue Bell, PA 19422
        Attorneys for Appellees, City of Wilkes-Barre
        Thomas M. Leighton, Mayor, Individually and in his Official
        Capacity and Jacob Lisman, Fire Chief, Individually and as
        a Supervisor

---

[*]Honorable J. William Ditter, Jr., District Judge for the Eastern District of Pennsylvania, sitting by designation.

_____

OPINION OF THE COURT
_____

DITTER, *District Judge*.

Appellants Robert Turinski and Thomas Kosciolek appeal the District Court's

grant of summary judgment dismissing their amended complaints.[1]  The appellants' assert

that they were constructively discharged from the Wilkes-Barre fire department when

they were forced to choose between retirement or demotion without a hearing or notice of

just cause.  Because we conclude that the appellants failed to exhaust the due process

procedures available to them and failed to properly plead and support their First

Amendment claims we will affirm the judgment of the District Court.

## I.  Facts

We write for the parties and therefore provide only a brief summary of the facts.

Robert Turinski began working for the City of Wilkes-Barre as a firefighter in 1975.  He

was hired as a private and was appointed to be an assistant chief in February of 2000 by

Mayor Thomas McGroarty.  Thomas Kosciolek was hired as a private in 1977, made

captain in 2000, demoted back to private in 2001, and was appointed to be an assistant

chief in 2002 by Mayor McGroarty.  Appellants' employment with the city was governed

by a collective bargaining agreement ("CBA") between the city and Local 104.

---

[1]Turinski's appeal (06-5206) and Kosciolek's appeal (06-5208) were consolidated for all purposes on January 31, 2007.

On November 26, 2003, Mayor-elect Thomas Leighton sent a letter to the appellants informing them that the assistant fire chief position was subject to mayoral appointment and that the position would be open as of January 5, 2004. The appellants were welcomed to apply for the open position, and they did so. In early February of 2004, the appellants spoke with Fire Chief Lisman, who had been recently appointed by Mayor Leighton. Chief Lisman informed appellants that they were not chosen to retain their positions as assistant chiefs (Appx. 511, 553) and that they could either retire or be demoted. (Appx. 518, 552.)

On February 11, 2004, Kosciolek filed three grievances. One sought "to find out why I am being demoted to private without a reason or hearing," and the other two addressed questions regarding his pension credits for military service and back pay. (Appx. 572-75.) On February 13, 2003, Turinski filed three grievances. The first stated: "I want to know why I am not being given a written notice to retire or be demoted to a private. I've been given a verbal on February 10, 2004 by Chief Lisman. I request a written notice." His second grievance stated "I want to know why I am being demoted to Private from Assistant Chief." Turinski's third grievance dealt with calculating back pay into his pension. (Appx. 535-37.)

On February 19, 2004, Chief Lisman wrote a response to these grievances to Local 104's president, Thomas Makar, and copied the appellants, stating "As of today, Thursday, February 19, 2004 at 0900 hours both Thomas Kosciolek and Robert Turinski

4

are currently Assistant Chiefs in the Wilkes-Barre City Fire Department. Therefore, their grievances have no merit." (Appx. 576.)

On February 27, 2004, both Turinski and Kosciolek submitted letters announcing their retirement as of February 28, 2004. (Appx. 539, 577.) On July 22, 2004, Mayor Leighton promoted James Clarke and Thomas Makar to the vacant assistant chief positions.

At the time the District Court granted summary judgment, the claims remaining for consideration in Turinski's and Kosciolek's consolidated complaints included federal law claims brought pursuant to 42 U.S.C. § 1983 for: (1) violation of the Fourteenth Amendment because they were forced to retire without due process; (2) violation of the First Amendment for "political firing;" (3) violation of the First Amendment because they were retaliated against for free speech which "was a matter of public concern;" and (4) violation of the Fourth Amendment.[2] In addition, the appellants also had two state law claims, one for breach of duty of fair representation against Local 104, and a second for breach of the collective bargaining agreement against the City.

The District Court granted judgment in favor of the defendants, holding that the appellants were not constructively discharged because they chose to retire. The Court also granted judgment in favor of defendants on the First Amendment claim holding that Appellants had failed to specify that claim and had waived it by not asserting it at

---

[2] Appellants do not pursue their Fourth Amendment claim on appeal and the claim is therefore waived.

summary judgment. The Court then declined to exercise supplemental jurisdiction over the remaining state law claims.

## II. Due Process Claim

"[G]rievance procedures outlined in collective bargaining agreements can satisfy due process requirements." *Dykes v. SEPTA*, 68 F.3d 1564, 1572 (3d Cir. 1995). In *Dykes*, we held that even where the appellant alleged that his employer and the union conspired to deprive him of a fair hearing and of arbitration, the appellant had not asserted a cognizable violation of due process because he could have pursued his grievance to arbitration under the CBA and chose not to do so. *Id.*

Article XVI of the CBA between Wilkes-Barre and Local 104 describes the four-step grievance procedure which was available to Turinski and Kosciolek. An employee who feels aggrieved is instructed to: (1) discuss the matter orally with his immediate supervisor within five days of the occurrence giving rise to the grievance; (2) within five days of receiving an answer from the immediate supervisor, present his grievance in writing to the chief of the fire department who is to answer the grievance in writing within five days; (3) within five days of receiving the letter from the chief, either party may submit the grievance to the mayor; and (4) if the mayor fails to amicably resolve the grievance within ten days, either party may submit the matter to arbitration. (Appx. 600.)

Turinski and Kosciolek allege that the fire department, the mayor, and the union were working in concert to deprive them of their due process rights under the CBA, which they assert forbids their demotion without just cause. Appellants, however,

6

pursued their grievance only to the second step of the four-step process provided to them by the CBA: Turinski and Kosciolek filed written grievances through the union and they received a written response from Chief Lisman, their immediate supervisor, on February 19, 2006, denying their grievances concerning their alleged demotion for lack of merit because they had not been demoted and were still assistant chiefs.

Turinski acknowledged receiving Chief Lisman's response and admitted that he did not talk to any union representative or the mayor concerning the letter. (Appx. 518-19.) He further admitted that he did not ask the union to pursue the grievance. (Appx. 519-20.) Kosciolek similarly stated that he did not talk to anyone from the union after receiving Chief Lisman's letter denying his grievance and he never met with Mayor Leighton regarding the alleged demotion. (Appx. 558, 561-62.)

Even assuming that Turinski and Kosciolek had a property interest in their assistant chief positions, and assuming they were deprived of that interest when they "were forced to retire," they nonetheless failed to exhaust the grievance process available to them. Neither appellant took his grievance to the mayor, and even if they perceived this step as futile because they felt the mayor was behind their demotions, neither pursued the grievance to arbitration despite being entitled to do so under the CBA. Turinski and Kosciolek are thereby unable to prove a violation of § 1983 for violation of due process. *See Dykes*, 68 F.3d at 5172.

### III. First Amendment Claim

7

Appellants argue on appeal that the District Court improperly granted summary judgment on their First Amendment claims because it did not address them in its opinions. Although we agree that the District Court did not properly reject appellants' First Amendment claims, we will nonetheless affirm its decision because the appellants failed to provide the facts necessary to survive defendants' motions for summary judgment.

The District Court's only reference to the matter was in a footnote where it said appellants had not specified how their rights were violated, and in any event, had abandoned their First Amendment claims by ignoring them at summary judgment. After a review of the record, we disagree with both assertions.

In Count III of their complaints, appellants alleged they had engaged in protected speech about the mayor's political ambitions and as a result, they were retaliated against by being threatened with demotion or retirement. Appellants' own summary judgment motion related only to due process and it was for that reason they did not mention in their supporting briefs their First Amendment claims. However, appellants filed briefs opposing the motions of the city, Mayor Leighton, and Chief Lisman for summary judgment and specifically argued their First Amendment claims. There was no abandonment.

Although the District Court was wrong in saying that appellants failed to specify how their First Amendment rights were violated and was wrong when it said the

8

appellants ignored those claims at summary judgment, it was right in entering summary judgment against them.

Summary judgment is required against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Here, the appellants failed to provide any factual support for the First Amendment claims they pleaded and failed to properly plead the First Amendment claims they argued.

In order to have defeated the motion for summary judgment on their Free Speech claims, appellants had to show their speech was protected and was a substantial or motivating factor in their alleged demotion. Even assuming appellants' speech regarding "Mayor Leighton's political ambitions of forcing city employees to retire or be demoted" was protected, they offered no evidence that their speech was a motivating or substantial factor in the termination of their employment. Instead, appellants simply argue that because the second prong is a question of fact and not a question of law, summary judgment is inappropriate and appellants should be entitled to present their case to a jury.

Quite the contrary is true: summary judgment is required where a plaintiff fails to set forth specific facts supporting his claim. *United States v. 717 S. Woodward St.*, 2 F.3d 529, 533 (3d Cir. 1993) (holding "the nonmoving party may not . . . rest[] on mere allegations or denials in the pleadings; rather, that party must set forth 'specific facts showing that there is a genuine issue for trial,' else summary judgment, 'if appropriate,'

9

will be entered."(quoting Fed. R. Civ. P. 56(e))). Appellants' failure to show any facts causally linking their speech to their employer's adverse action is therefore fatal.

Appellants also argue that filing a grievance against the city may qualify as petitioning the government and note that they filed six grievances. However, appellants cannot succeed on a Petition Clause argument because they never pleaded that claim. In *Brennan v. Norton,* 350 F. 3d 399, 417 (3rd Cir. 2003), we held that where an appellant asserted a First Amendment claim based on the Speech and Association Clauses, he could not assert a Petition Clause claim in his brief opposing summary judgment. Just as in *Brennan*, the appellants' complaints here do not reference the Petition Clause, and instead only assert First Amendment claims under the Free Speech Clause. *See also*, *Hill v. Kutztown*, 455 F.3d 225, 242 (3d Cir. 2006) (noting that although plaintiff's complaints might qualify as petitioning and constitute protected activity, he could not assert a petition claim because he had not alleged the defendant retaliated against him for those complaints).

Appellants note in their appellate brief that the District Court specifically mentioned their "First Amendment: Freedom of Association Claim" in its opinion denying the city's motion to dismiss their First Amendment claim. There, it appears the District Court generously construed Count II of the complaints filed against the city, Mayor Leighton, and Chief Lisman as a political association claim. Count II simply contained the phrase "Political Firing" in the title and stated that appellants' positions were not policy-making positions. However, in order to make out a political association

claim, a public employee must allege "(1) that the employee works for a public employer in a position that does not require political affiliation, (2) that the employee maintained a political affiliation, (3) that the employee's political affiliation was a substantial or motivating factor in the adverse employment decision." *Goodman v. Pennsylvania Turnpike Com'n*, 293 F.3d 655, 663-64 (3d Cir. 2002). Appellants did not provide the District Court with facts showing that they maintained a political affiliation or that their affiliation was a substantial or motivating factor in their alleged constructive discharge in either their pleadings or their briefs for summary judgment.

The District Court's grant of summary judgment for defendants must therefore be affirmed.

## IV. Conclusion

Because we find that the appellants failed to exhaust the due process available to them and failed to properly plead and support their First Amendment claims, we affirm the judgment of the District Court.